LAW v. MAHONEY *et al.*

*Appeal from Dubuque District Court — Wednesday, December 22.*

ACTION in equity to set aside a judgment in replevin, rendered against the plaintiff and J. K. Graves and Wm. A. Fleming, his sureties upon a replevin bond. Decree granting relief prayed. Defendants appeal. The necessary facts are stated in the opinion.

*Christian Wullweber* and *Adams & Robinson* for the appellant — *M. H. Beach* for the appellee.

DAY, Ch. J. — The following facts appear by the admissions of counsel and from the testimony in the case. On the 6th day of December, 1867, R. & E. Meuth obtained a judgment in the district court of Dubuque county, against John S. Williams, for $461 and costs. On this judgment execution issued December 7, 1867, which on the same day was levied upon fifty cords of maple wood, as the property of said Williams, Subsequently John S. Williams, assuming to act as agent of the plaintiff, Robert Law, caused to be commenced in the name of said Law an action of replevin, claiming of Mahoney the wood as the property of Law. This petition was sworn to by John S. Williams, as agent of the plaintiff. The only business connection which Williams had with Law was, that in December, 1867, Law shipped to him a quantity of coal, which he was authorized to sell. He had no authority whatever to commence said action of replevin in the name of Law; Law had no interest in said wood; did not authorize the commencement of the action, nor afterward ratify the act of said Williams. He derived no benefit from the suit, and knew nothing of its pendency until June 28, 1869, when he received the fol-

lowing letter from Christian Wullweber, attorney of defendants in the replevin suit:

"DUBUQUE, IOWA, *June* 28, 1869.

"ROBERT LAW, Esq., Chicago.

·"Dear Sir — About a year ago Mr. John S. Williams of this place, as agent of Robert Law, entered into a written agreement with R. & E. Meuth, of Buena Vista, Iowa, clients of mine, a copy of which agreement I herewith transmit to you. As your agent has only in part complied with the terms of said agreement, and as there is still due my clients thereon the sum of two hundred dollars, besides interest, I shall be obliged to proceed in the replevin suit of *Robert Law* v. *D. A. Mahoney* (ex-sheriff) against you and your sureties on the replevin bond, unless the same is settled at once. Our district court, wherein said cause is pending, is now in session, and my clients desire to have the case disposed of."

On the day following, plaintiff replied as follows: "Yours of 28th inst. is just received. The entire matter referred to, of contracts and agreements with R. & E. Meuth, of Buena Vista, was unknown to me before. John S. Williams has not, nor ever had, authority to use my name in any shape or manner, nor to sign himself as my agent. I, of course, shall refuse to ratify or become responsible for any of his conduct or actions." "P. S. The suit of D. A. Mahoney, the replevin suit, etc., is an extraordinary proceeding, and I never heard of it before. I am no party to the transaction, nor can I be made such." .

On the 22d of November, 1869, judgment was rendered in the replevin suit against Robert Law, and J. K. Graves and Wm. A. Fleming, sureties on the replevin bond, for $391, in favor of Mahony. This suit is instituted to set aside said judgment in the action of replevin. The district court rendered a decree for plaintiff. A mere statement of the facts is the only argument needed in favor of the decision of the court below.

It is claimed that it was the duty of plaintiff to use reasonable diligence to disavow the action of Williams, after receiving knowledge of such action. This he did immediately upon the receipt of Wullweber's letter. It is claimed, however, that it is not sufficient for him to notify defendants' attorney that the suit was unauthorized. That he should have notified his own attorney, and returned the property. He had no attorney in the replevin suit. It does not appear that he ever knew who was acting as such. The replevied property did not go into his possession. It is insisted, however, that the presumption is that the property, when replevied, went into the possession of plaintiff. We think, under the circumstances of this case, the presumption is rather that it went into the hands of his self-constituted agent. But whatever the presumption may be, it is not a conclusive one, and the positive testimony shows that plaintiff never received it.

The decree of the district court is,　　　　　　　　　　Affirmed.